NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3715
_____

POST ACUTE MEDICAL, LLC,
                                        Appellant

v.

CHRISTOPHER LEBLANC; MERIDIAN HOSPITAL SYSTEMS CORPORATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. No. 1-19-cv-01137
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2020
_____

Before:  CHAGARES, HARDIMAN, and MATEY, Circuit Judges.

(Filed: September 14, 2020)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

*This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

Post Acute Medical, LLC, ("PAM") owns and operates hospitals around the country. PAM contracted with Texas-based Meridian Hospital Systems Corporation ("Meridian") and Meridian's owner, Christopher LeBlanc ("LeBlanc"), for Meridian to provide database software services. PAM's and Meridian's business relationship took a turn for the worse, and LeBlanc and Meridian brought a Texas state court action against PAM and PAM hospitals located in Texas. That lawsuit remains pending. PAM, which is headquartered in Pennsylvania, then filed this action against LeBlanc and Meridian in the United States District Court for the Middle District of Pennsylvania, claiming violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., violations of the Computer Fraud and Abuse Act, 18 U.S.C § 1030 et seq., and breach of contract. The District Court granted LeBlanc's and Meridian's motion to dismiss for lack of venue, and we will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. In its verified amended complaint (the "complaint"), PAM avers that it contracted with Meridian to "set up a computerized database" to "house and aggregate PAM's data," including protected health information and other confidential data protected by the Health Insurance Portability and Accountability Act. Appendix ("App.") 728–29. PAM is a Delaware corporation headquartered in Enola, Pennsylvania, with "network affiliated hospitals throughout the country." Id. at 729. Meridian is a Texas corporation headquartered in Dallas, Texas, and LeBlanc, the majority owner of Meridian, is a Texas

2

resident.  According to the complaint, venue is proper in the Middle District of Pennsylvania "because a substantial part of the events or omissions giving rise to this civil action—including the execution of the contract governing this dispute—occurred in this district."  App. 735.  While the complaint states that PAM is headquartered in Enola, Pennsylvania and that venue is proper in the Middle District, it contains no specific allegation that any particular event complained of occurred in that district.

On July 25, 2019, LeBlanc and Meridian filed a motion to dismiss this action for lack of venue, inter alia, which was fully joined with the filing of their reply brief on September 9, 2019.  One week later, the District Court granted the motion to dismiss for lack of venue, without prejudice to refiling in a proper venue.  PAM moved for reconsideration, which the District Court denied.  This timely appeal followed.

## II.[1]

PAM contends that the District Court erred in granting the motion to dismiss for lack of venue and in denying reconsideration.  Among other arguments, PAM claims that the District Court erroneously credited factual statements made by LeBlanc and Meridian for the first time in their reply brief in support of the motion to dismiss.  LeBlanc and Meridian contest this characterization.  We need not reach this question, however,

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal determination that venue was improper and review the decision to dismiss the complaint for abuse of discretion.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

because the complaint itself provides ample support for the District Court's granting of the motion to dismiss for lack of venue.[2]

A.

LeBlanc and Meridian moved to dismiss, as relevant here, for improper venue under Federal Rule of Civil Procedure 12(b)(3). Under 28 U.S.C. § 1391's venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). In its complaint and appellate briefs, PAM contends that venue is proper under § 1391(b)(2). Accordingly, in reviewing the District Court's order of dismissal, we must determine whether "a substantial part of the events or omissions

---

[2] PAM also complains that the District Court ruled on the motion to dismiss before PAM had sufficient opportunity to seek leave to file a sur-reply or to seek discovery on venue. But District Courts are allowed — indeed, encouraged — to rule promptly on fully briefed motions. See Fed. R. Civ. P. 1 ("These rules govern[ing] the procedure in all civil actions . . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Here, the District Court had already permitted PAM to amend the complaint once and granted the motion after it had been fully briefed for a week. In any event, in affirming the order of the District Court, we do not rely upon any factual arguments advanced by LeBlanc and Meridian in their reply brief in support of the motion to dismiss.

4

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Middle District of Pennsylvania. § 1391(b)(2).

We held in Cottman Transmission Systems, Inc. v. Martino, "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,'" and although the venue statute does not "require[] a court to select the 'best' forum, the weighing of 'substantial' may at times seem to take on that flavor." 36 F.3d 291, 294 (3d Cir. 1994) (citation omitted). And in order to "assess[] whether events or omissions giving rise to the claims are substantial," we "look at the nature of the dispute." Id. at 295. The moving party has the burden of proving improper venue. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

We are unable to discern any basis in the complaint or its numerous exhibits that would allow us to conclude that venue is proper in the Middle District of Pennsylvania. All three counts allege wrongdoing by LeBlanc and Meridian, who are located in Texas. Count 2, which claims a violation of the Computer Fraud and Abuse Act, appears to focus entirely on LeBlanc's conduct in the course of the Texas state court litigation, as do various other sections of the complaint. See, e.g., App. 748–51 (describing "Meridian Improperly Us[ing] Litigation as a Weapon to Extort Money from PAM"); id. at 756–58 (explaining the details and context of LeBlanc's alleged unauthorized access and disclosure of confidential patient health information during a hearing in Texas state

5

court); id. at 770 (identifying LeBlanc's unauthorized access during Texas proceeding as specific evidence of breach of contract).[3]

PAM also contends that the District Court erred in not drawing the reasonable inference that because it was headquartered in Enola, Pennsylvania, the trade secrets at issue were created in Enola. But PAM is a Delaware corporation that operates throughout the United States, and in the complaint, PAM described the "Highly Confidential Data" at issue as "relat[ing] to patients in PAM's network affiliated hospitals throughout the country, as well as valuable customer and vendor contact lists and preference information." App. 729. While national operation alone does not establish that venue is not proper in a particular district, it does undercut PAM's argument that any trade secrets must necessarily have been created in the Middle District of Pennsylvania. Similarly, PAM separately alleges that it "input [this] Highly Confidential Data . . . into Meridian's Q1 application so PAM could use the application for its daily operations," but does not allege in the complaint that it input this data at its corporate headquarters instead of at its many hospitals elsewhere in the country. App. 763. Nor do the exhibits attached to the complaint provide any information to this effect.

By contrast, LeBlanc and Meridian contend that all of the alleged events occurred in Texas. Based solely on PAM's own statements in the complaint and attached exhibits, we agree. The events giving rise to PAM's claims — focused upon the conduct of a

---

[3] On appeal, PAM argues that LeBlanc's conduct in the Texas litigation was only "one of many facts PAM asserted" in the action, but does not explain which other facts averred in the complaint do show that venue is proper in the Middle District of Pennsylvania. PAM Br. 29.

6

Texas company (and its Texas-based owner) in a Texas litigation and in providing services to PAM's hospitals around the country — fail to show a "substantial" connection to the Middle District of Pennsylvania. Accordingly, we conclude that the District Court did not err in determining that venue was improper and that it did not abuse its discretion in dismissing the complaint.[4]

III.

For these reasons, we will affirm the District Court's order dismissing for lack of venue.

---

[4] We have considered PAM's other arguments and find them unavailing. This includes PAM's argument that the District Court erred in denying reconsideration.